**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NOS. 135, 324, 770, 1036, 1167, 1428, 1442, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | No. 14-70771 <br><br> NLRB No. 31-CA-27160 <br><br> MEMORANDUM* |
| RALPHS GROCERY COMPANY, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | No. 14-71004 <br><br> NLRB No. 31-CA-27160 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>RALPHS GROCERY COMPANY,<br><br>Respondent. | No.   14-71202<br><br>NLRB No. 31-CA-027160 |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted February 10, 2016
Deferred June 7, 2016
Resubmitted September 22, 2016
Pasadena, California

Before: TROTT, DAVIS,** and OWENS, Circuit Judges.

Ralphs Grocery Company ("Ralphs") petitions for review of a National

Labor Relations Board ("Board") final Supplemental Decision and Order dated

March 13, 2014, adopting and affirming Administrative Law Judge Kocol's

October 24, 2012 adverse Supplemental Decision regarding Ralphs' waiver of

attorney-client privilege in its dispute with the United Food and Commercial

Workers Union ("Union") and various local chapters.  Ralphs also challenges a

_____

** The Honorable Andre M. Davis, Senior Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

2

Board interim order reopening "Ralphs II," dated April 17, 2012, which paved the way for Judge Kocol's decision. Ralphs argues that the Order was not legally susceptible to ratification.

The Union petitions for review of the Board's final Order because the Order did not award the Union litigation expenses, a claim the Union did not raise before the Board.

The Board cross-petitions for enforcement of its March 13, 2014 final Order.

We exercise jurisdiction over this petition pursuant to our holding in Consumer Financial Protection Bureau v. Gordon, 819 F.3d 1179 (9th Cir. 2016).

Because the parties are familiar with the contours of this protracted and labyrinthian controversy, which began in 2003, we repeat its facts and circumstances only as necessary to explain our conclusions.

The alleged procedural and constitutional Article II Appointments Clause defects that Ralphs brings to our attention leading up to the challenged final Order of March 13, 2014, were cured when a properly constituted and valid Board affirmed and adopted, "with slight modifications," Judge Kocol's disputed Supplemental Decision, rulings, findings, and conclusions. As we held in Gordon, "a ratification is valid even if the principal did not have capacity to act at the time, so long as the person ratifying has the capacity to act at the time of ratification[.]"

3

Id. at 1191 (citations omitted). We note that the only action taken by the challenged recess appointees was to grant the Union's motion for reconsideration. At the time, Ralphs did not object. A properly constituted Board subsequently ratified and affirmed by implication the decision to reopen.

On the merits, the Board's comprehensive findings are fully supported by substantial evidence, and its challenged decisions on all of Ralphs' issues are supported by the evidence and were well within its discretion. The Board's work is free from legal error. Consequently, Ralphs' petition is denied.

The Union's assertion -- admittedly for the first time "on appeal" -- that the Board should have ordered Ralphs to reimburse it for litigation expenses is jurisdictionally barred because (1) the Union did not raise this claim before the Board, and (2) it has not demonstrated "extraordinary circumstances" excusing its failure to do so. See Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66 (1982); 29 U.S.C. § 160(e). Consequently, we deny the Union's request to remand this matter to the Board for further proceedings.

In light of our conclusions, we **deny** Ralphs' petition for review.

We **dismiss** as jurisdictionally barred the Union's petition for review.

We **grant** in full the Board's petition for enforcement of its March 13, 2014 Order.

4

The parties shall bear their own costs of these petitions.